UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| APRIL J. SMITH )<br>On behalf of herself and all )<br>similarly situated individuals, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>TALECRIS BIOTHERAPEUTICS, INC. )<br>)<br>Defendant. ) | CIVIL ACTION NO.: 1:09cv153 |

**ORDER GRANTING FINAL APPROVAL
OF SETTLEMENT, APPROVING ATTORNEYS FEES AND COSTS
AND DISMISSNG CLAIMS WITH PREJUDICE**

Plaintiff April J. Smith and Defendant Talecris Biotherapeutics, Inc. ("Talecris") (Plaintiffs and Defendants collectively, "the Parties") have reached a settlement resolving all class claims in this lawsuit ("the Litigation"). The Parties have asked the Court for final approval of the Proposed Settlement, as set forth in the Stipulation of Settlement ("the Settlement Agreement"), pursuant to Federal Rule of Civil Procedure 23(e); and

The Court having preliminarily certified the Settlement Class, as defined below, on March 17, 2010 and confirmed by written Order dated June 23, 2010; and

The Court then having appointed Consumer Litigation Associates, P.C. and The Consumer & Employee Rights Law Firm, P.C. as Co-Lead Class Counsel; and

The Court having appointed Plaintiff April J. Smith as representative of the Class; and

The Court having preliminarily approved the proposed Settlement by Order entered June 23, 2010; and the Parties having evidenced full compliance with the Court's Order granting preliminary approval of the proposed Settlement; and

The Court having found that there are substantial and sufficient grounds for entering this Final Judgment;

**IT IS HEREBY ORDERED THAT:**

1. This Final Judgment incorporates by reference all definitions contained in the Settlement Agreement, and all terms used herein shall have the same meaning as set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this litigation and personal jurisdiction over all Parties and the members of the certified Class for purposes of this litigation.

3. The Proposed Settlement set forth in the Settlement Agreement is hereby finally approved as being within the Fourth Circuit's parameters of fairness and, as such, is fair, reasonable, and adequate to Class Members.

4. Pursuant to the Court's June 23, 2010 Order and the Settlement Agreement, the Class is defined as:

    All employees or prospective employees of Defendant residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Defendant to make an employment decision regarding such employee or prospective employee within the period prescribed by FCRA, 15 U.S.C. §1681p prior to the filing of this action, against whom Defendant took an adverse action based in whole or in part on information contained in the consumer report before providing the employee or prospective employee a copy of the consumer report and statutory disclosures required by the FCRA, 15 U.S.C. §1681b.

5. The Court finds that the dissemination of the Class Notice under the terms and in the format provided for in its Order Granting Preliminary Approval constitutes the best notice practicable under the circumstances, is due and sufficient notice for all purposes to all persons entitled to such notice, and

fully satisfies the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, the requirements of due process under the Constitution of the United States, and any other applicable law.

6. There are no objections filed with the Court. Further, the Parties have represented that there are no objectors known to any party, and no one has opted out of the Settlement. No one has asked to be excluded from the class.
7. The Court concludes that the Settlement is fair, reasonable, and adequate as to each Class Member. The Settlement is hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.
8. Talecris shall disburse a cash payment to all identified class members, pursuant to the terms of the Settlement Agreement;
9. The Defendant and its related entities as identified in the Settlement Agreement are released as set forth in Paragraph 3 of the Settlement Agreement.
10. The Named Plaintiff and each member of the Class shall be permanently enjoined and barred from filing, commencing, prosecuting, intervening (as a class member or otherwise), or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding arising from any of the Released Claims.
11. The Court hereby dismisses with prejudice the Litigation against the Defendant.

12. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over:

    a. Implementation of this Settlement and any award or distribution of the settlement consideration;

    b. Disposition of any residual amounts provided in the Settlement Agreement to the agreed-upon *cy pres* recipients;

    c. The Parties for the purpose of construing, enforcing, and administering the Settlement and this Final Judgment, including disbursement of Court-approved attorneys' fees, expenses, and the Class Representative Incentive Award.

13. The Court awards the Named Plaintiff and her counsel attorney's fees, costs and incentive awards as follows:

    a. The Court finds that the Named Plaintiff provided invaluable participation in this Litigation, and has duly earned the proposed Incentive Award. Accordingly, the Court directs Defendant to pay her a total sum of $2,500.00—over and above the amount she is entitled to by virtue of her status as a Class Member—for her participation in this case. This payment shall occur as stipulated in the Settlement Agreement.

    b. The Court further finds that Class Counsel's requested award of attorneys' fees, costs, and expenses is fair and reasonable under Fourth Circuit standards. The Settlement is an excellent result, obtained through arm's length negotiations. As stipulated in the Settlement Agreement, the Court hereby awards as Class Counsel's attorneys' fees and costs $55,000.00 to be paid by Defendant directly and not from the settlement proceeds otherwise paid to each class member.

These disbursements of attorneys' fees and costs and expenses shall take place according to the schedule established in the Settlement Agreement.

    IT IS SO ORDERED.

Entered this 7th day of July 2010.

                                                  /s/ *(signature)*
                                                 United States Magistrate Judge